The first issue that I would like to address is whether we need to address the mootness issue. DeVry had made a motion to dismiss the appeal on the grounds of mootness, which this Court has rejected. If the Court believes that issue has been properly preserved and before the Court, I'm happy to address it. Well, it's not even necessarily a question of waiver or preservation of the issue. It affects our jurisdiction. So we have to consider it as to whether or not we have jurisdiction in any event. And the question really is, does plaintiff still have a remedy, despite the fact that the Reform Act has been repealed? And the answer is yes, because all along, plaintiff has sued under the unfair competition law, and the unfair competition law is predicated on DeVry's violation of the Reform Act. So even though the Reform Act no longer operates today, plaintiffs still have the cause of action for restitution under the unfair competition law, which is based on DeVry's past violation of the Reform Act. And also, we would submit that if the Reform Act had been repealed at the time this matter was pending in front of the district court, it would have been appropriate at that time for a plaintiff to seek leave to amend to allege a contract claim, because we've also alleged or maintained that the substantive requirements of the Reform Act were incorporated into plaintiff's contract. So there's also a contractual basis. So you need to read it. So you need to amend to assert the contract claim? Is that what you're saying? We would need to amend to assert the contract claim, but we would not need to amend to assert the unfair competition claim, because that claim has been asserted in the complaints from the very get-go. But isn't – wouldn't – couldn't we then say that this action is totally statutory? I'm not sure I understand. I understand the action you're bringing if you haven't got a contract claim, which I didn't think you did. But any of your other claims are totally statutory. UCLA – or, excuse me, UCLA – UCL, based on education. I mean, each one of your claims goes back to being based on the statute as it is. If we didn't have the statute, you couldn't bring the claims. So why cannot I say, if you didn't bring the contract claim, that this action is totally statutory? It's statutory, Your Honor, but it's statutory. The UCL claim is based on the past violation of the Act. The fact that the Reform Act is – But the Act has been repealed. But that doesn't mean that their conduct, when it violated the Act, all of a sudden becomes lawful. It was still a violation of the law at that time to not make the disclosures required by the Reform Act. The UCL – Counsel, this is Judge Rawlinson with a question. Do you have a case under California law that says a cause of action that's predicated on a statute survives once the statute is repealed? Your Honor, we are not saying that the cause of action under the Reform Act survives. What we are saying is that the cause of action under the UCL survives. That is a separate cause of action. Which was based on the Reform Act, though. That was based on the Reform Act. The UCL claim is based on the Reform Act, which is repealed. So once that's repealed, do you have a case that says past violations of a repealed statute survive the repeal of that statute? No, we didn't brief the issue in that way, Your Honor, so I don't believe we cited a case specific for that effect. But the issue is not what happens to the Reform Act. Because the repeal of the Reform Act, we agree, abates the remedy under the Reform Act as its own basis for statutory cause of action. But that does not have any effect on the previous violations of law that serve as the predicate for the unfair competition claim. Well, it seems to me that my cohort there from Nevada and I are on the same place. Because Zipperer v. The County of Santa Clara really says that we have to look at four different things in order to determine whether this is going to go on. The first is the statute at issue was repealed without a savings cost. That's obvious. The second is the repeal occurred before the action became final. That's obvious. The second is the action is totally statutory, which, again, I'm saying this is an action which is totally statutory. Even the UCL claims are based on this statute. And the last is they don't have any vested or contract rights rising under the statute. And the bottom line about that is you're even suggesting you need to amend if you're going to allege a contract right. Yes. The difference between this case and Zipperer is that we're talking about a different statutory basis. We're not saying that our right to sue under the education code is preserved. What we're saying is we still have a right to sue under the unfair competition law. That is a different statute. But the unfair competition law is based upon the education. Yes. And at the time these acts occurred, they were unlawful. And the fact that the legislature decided to no longer make them unlawful doesn't retroactively make them unlawful. At the time these acts were committed, they violated the law. So we can certainly seek relief for the unlawful conduct that they engaged up to the repeal of the Reform Act. But counsel, doesn't California precedent say that the unfair competition law is not a stand-alone basis for a cause of action? Yes. It borrows the other laws as the basis for the legal violation. And in this case, we can borrow the Reform Act for the time period in which it was in effect. We're not saying we can seek remedies for beyond 2008. But that's, in effect, what you're doing, though, is you're seeking remedies under an act that doesn't exist. The act is no longer operative. But it doesn't mean that it was not part of the law, and it doesn't mean that the right did not violate the law at the time the law was in effect. All the repeal does is take away the remedy today. But what you're arguing is that there was some kind of a savings clause. I mean, your argument is suggesting that there wasn't an appeal or there wasn't a repeal without a savings clause. Because what you're really saying is, well, we get a savings clause in any event because it existed in the past. But what happened here is California repealed this without any savings clause, meaning it's done. Any effect it had is over. It's done. That's what saved without savings means. Well, that's not exactly what we're saying. We're saying that the Education Code claim itself is not saved. We've conceded that. But that doesn't mean that the law – it's not as if the law has never existed. The law was still violated at the time. The repeal of the statute means going forward you no longer have a remedy under that statute. But that doesn't mean that you cannot use the UCL to borrow for the past violations of the law that were in effect during the majority of this lawsuit. Now, the act was repealed after the summary judgment decision, Your Honor. So we didn't really have an opportunity in the trial court to seek leave to amend to allege a contractual violation, which is our alternate theory for preserving rights, because under the law – Right. You would probably be time-barred from alleging a breach of contract at this point. Well, we would argue that it would relate back because it's based on the same set of facts. Right. And I would suggest that it wouldn't relate back because when the statutory claim, your contract claim, if you had one existed at the same time, you probably should have alleged it. Well, what could have been done or should have been done is something different. But that would be a decision, I believe, for the district court to make in the first instance as to whether or not it would be appropriate to allow the complaint to be amended to allege that alternate theory. If I may, let me move to the Commerce Clause issue. DeVry mounted a facial challenge to the Reform Act, to the exemption to the Reform Act. And the Reform Act exemption does not discriminate between in-State entities and out-of-State entities. The distinction drawn in the Reform Act exemption is between WASC-accredited institutions and non-WASC-accredited institutions. So that on its face is not a distinction between in-State and out-of-State. Now, DeVry has tried to manipulate that distinction into an in-State and out-of-State distinction. But it can't because the distinction between accredited and non-accredited applies equally to both in-State and both out-of-State. Now, under the Commerce Clause jurisprudence, what Judge Marl was supposed to do was to compare DeVry with a similarly situated in-State institution. And she didn't. Whether you compare DeVry as a whole as an institution to California institutions, it's treated even-handedly because the distinction is still accredited or non-accredited. Or if you treat it as a non-accredited institution out-of-State and compare that to a non-accredited institution in-State, the result is still the same. It's still even-handed treatment. And while those Supreme Court decisions are a little unclear as to exactly where you draw the line between a facial analysis and an as-applied or effect analysis, what I think is most clear in this case is that whatever kind of effect this statute had on DeVry, it was not economic. The Commerce Clause is designed for the negative. What do you mean it wasn't economic? All DeVry had to do to comply with the law was make a disclosure statement. They had produced no evidence whatsoever that it was burdensome for them to do so in any kind of meaningful economic matter. This is not a case where a tax was applied. This is not a case where they were required to relocate premises into the State of California. The burden of complying with the statute was really to tell the truth. And DeVry has made no suggestion that they can't compete in California just because they have to tell the truth. And, in fact, after this lawsuit was brought, they started making this disclosure, even though they've taken a position they don't have to, but they're making it. The point of the Commerce Clause, or the Dormant Commerce Clause, is to prevent States from protecting their in-State economic interests. And this statute has really nothing to do about the economic interests of the State of California or of local sellers or local businesses. What it has to do is about protecting students. And whatever kind of effect analysis the Court is to apply, the key is to protect students. And the fact that the statute is different is suggest that the district court's analysis as it relates to this is misguided, don't we? Yes. Otherwise, you would even agree that California's own findings when enacting the statute would give it some idea that there was different treatment. Well, the treatment is different, but not based on in-State versus out-of-State distinctions. The different treatment is between accredited and nonaccredited. And the last point I'd like to make about the Commerce Clause is that even if it were violative of the Dormant Commerce Clause, it can easily be severed. We're talking about an exemption from the statute that restricts the disclosure requirements. Certainly, it makes more sense for the State of California to want the restriction or the disclosure requirement to apply to everybody in the State rather than toss out the whole statute just because the exemption is viewed discriminatory. So even if there was a Commerce Clause violation, the exemption can be severed from the statute without doing harm to the fundamental purpose of the statute, which is to protect the students of California. Finally, on the class certification decision, the district court clearly misquoted the statute, in our view, misunderstood the statute, which clearly provides a private right of action for entitlement to return of refunds. Now, this issue — Well, the district court didn't really go there any more than it did, said even if you do give them a private right of action, the students were entitled to damages only if a demand was made, and if, in fact, after the demand being made, they had to show — and then it was denied — they had to show some reliance on this particular situation, and having had to show some reliance on this contract, that after that, there would be different damages, because some would not even have cared. And therefore, they said, this does not have a commonality or typicality requirement. That's what the district court said. That's what the district court said, and the district court erred in its legal analysis because getting a refund of tuition is not damages.  And what it does is it gets the plaintiff to show a demand,  And the district court found this to be a good thing, because under the statute, when the contract violates the law by not having the disclosure, it is unenforceable. That makes the — Let's go — let's leave that, because I'm not sure I agree with you, but let's leave that and say, why is it that this particular plaintiff should bring this action under a class action? That's another thing that the district court looked at. And there was this particular plaintiff never even made a demand. Yes. And the problem with the court's analysis, the district court's analysis, is that there's no requirement in the statute for a demand to be made in an action brought by a student. The court relied on — I mean, he didn't even have a problem. He never even wanted to have any of this happen. It doesn't matter, Your Honor, because the problem is when the institution violates the law and has an illegal contract, it is not allowed to charge tuition. And that is why the statute says if you ask for the money back, the institution has to give all the consideration, all the tuition back. This is not a question of damages. What is my standard of review on these particular issues as it relates to class action? Well, to the extent the court — What is my standard of review? The standard review is abuse of discretion, but within the abuse of — All right. And abuse of discretion as to how the court applied as to the four elements of the 23A analysis and if there was anything under the B analysis. Isn't that true? No, Your Honor, because to the extent the analysis is predicated on an erroneous review of law, that itself constitutes an abuse of discretion. Where does it say that? That is in this Court's jurisprudence on the standard of review for abuse of discretion on the class sort of case incision. They apply erroneous legal standards. That is an abuse of discretion. And in our view, the district court erroneously interpreted the California law. All right. Thank you, counsel. You're over your time. Good morning, Your Honors. Margaret Grignot, Ruth Smith for DeVry University. I'll start with the motion to dismiss issues. There's no dispute that the statute's been repealed and it has no saving clause and it has, therefore, no effect. Counsel has conceded that the Education Code claim is, therefore, must be abated and cannot go forward on that. The UCL claim, this is the first time we've heard that there's a different rule for the UCL claim, but the UCL claim in this case is based on a borrowed statute and the borrowed statute is the Education Code violation. And the repeal of that statute has made the UCL claim equally abated like the statutory claim. And the case that really resolves this issue is the Zipper case. In Zipper, if the court recalls, that was a negligence cause of action and the negligence cause of action was based on a violation of the, I think it was called Solar Shade Control Act. And the court said that that was a statutory cause of action. It was based on a statute even though it was denominated a negligence cause of action. And so the UCL action here is an Education Code statutory action and it is similarly abated. With respect to the somewhat belated claim that a motion to amend to file a contract cause of action could be brought, a couple of things I'd like to say. First of all, we're on summary judgment here. There's already been a summary judgment. We're certainly not at the stage where pleadings should be amended. Secondly, there's really not a contract cause of action here. There is a contract between Mr. Daglan and DeVry. There's an enrollment agreement. And that enrollment agreement contains a recitation that DeVry has complied with all applicable requirements of the Education Code. There is no contractual provision that was created by statute that can be enforced by a statutory remedy. There is simply a disclosure that was arguably, that was not made, that arguably should have been made, and a recitation that that, that, and a recitation that that disclosure was made. So there is absolutely no purpose in indicating that the case should go back to be amended for a contract cause of action, because there is not one. In the judgment of the district court, did they amend with, or did they rule on summary judgment without the possibility for amendment, or did they just rule on summary judgment? Your Honor, in this case, there were two summary judgment motions. Well, I understand that. In the Commerce Clause ruling, the Court entered an order for summary judgment on certain of the causes of action and then allowed DeVry to bring a second summary judgment motion on the remaining individual causes of action. And following that summary judgment motion, the Court granted the motion and entered judgment on all causes of action for DeVry. And that did it. Was it without prejudice to a motion to amend?  I didn't say anything, so I didn't know. I mean, if we say on summary judgment, say we rule for you, reverse and remand, can the district court take up his motion to, to amend at that particular point in time? That's my question, because, and I don't know that it's even important for me to ask that question, because it's not going to be in front of me. But I'm just suggesting that. It seems to me that maybe these issues you are examining are not really in front of us. If, in fact, he can amend, that's really a district court decision to be made in the future, isn't it? Your Honor, what we're asking the Court to do is to dismiss the appeal on the basis of mootness. And if that happens, then the judgment is final and there's absolutely no effect to anything else. On the Commerce Clause issues, again, we're asking the Court to affirm the judgment. There's no remand available. And the only way you get to any possible remand is if the Court were to find error in the class certification issues. And I submit to the Court that there's a lot of hurdles before the Court would ever get to that issue. So the appeal should be the same. Counsel? Yes. This is a question from Judge Rawlinson. If we dismiss the appeal, that does not necessarily end the case. It ends the case for us. But the district, it goes back to the district court for whatever the district court deems necessary. It would be my understanding, Your Honor, that if the appeal is dismissed, that the judgment is then final and that it would not go back to the district court for any further proceedings. Well, you could – The actions are based on – You could – Go ahead. I'm sorry. He could have a motion for relief from judgment or – I mean, there are still possibilities before the district court, aren't there? Your Honor, there's possibly post-judgment possibilities that the plaintiff could raise. I'm not aware of exactly what those might be, but there would be a final judgment, at least in my view, if the appeal is dismissed. And, Your Honor, that makes sense because, of course, if all of the actions are statutory actions and the action has been completely abated, then there's no – nothing to go forward with in the district court in the first place. I'd like to move next to the Commerce Clause argument. The statute discriminates on its face between WASC regionally accredited institution and non-WASC regionally accredited institutions. WASC regionally accredited institutions are California and Hawaiian schools. They are not schools in any of the other 48 states. Non-WASC regionally accredited schools are the other 48 states. So on its face, the statute – WASC stands for the – I'm sorry. WASC is an acronym for Western Association of Schools and Colleges, and it's the accrediting association that accredits California schools and Hawaii. Right. There are six regional accrediting associations that are recognized by the U.S. Department of Education. Each of those regional accrediting associations operates in their particular region, their particular area. DeVry University – this is absolutely clear – cannot qualify for WASC accreditation. It can only apply, as it has, for accreditation in its accrediting region, which is the North Central Association. The argument that plaintiffs make here is that there's some procedure by which the DeVry California campuses can be spun off either into a separate subsidiary or to be operationally separate, and that those schools would then separately apply for WASC accreditation. But under Commerce Clause jurisprudence, we can't have a statute that says, well, we're going to discriminate against you unless you want to become a California school, and then we're not going to discriminate against you anymore. Counsel? Yes. Are there some non-WASC accredited schools in California? Yes, Your Honor. DeVry and I think 30 others. I mean, are there California schools, schools that are California schools, not schools that locate from someplace else into California, but are there some California-based schools that are not WASC accredited? Not to my knowledge, Your Honor. If you're a California school, you're either WASC accredited – let me just – there's one last – you're either WASC regionally accredited or you're not accredited. Now, there's another category of accreditation for national accrediting associations that's not involved in this case. Well, my question is, are there some California-based schools that have not been accredited by WASC, that are in a similar position? Yes. Okay, so how is that – There's only 300 of the 3,000 schools that are accredited by WASC. Right. So how is it a violation of the Dormant Commerce Clause if the same requirement is applied to California schools as applied to schools that are outside California, and vis-a-vis accredited by WASC? Your Honor, the statute discriminates on the basis of regional accreditation, and that regional accreditation is either a California-based regional accreditation or the 48 other states' regional accreditation. So those are the schools that you compare, not the 2,700 other schools in California that aren't accredited at all. And the legislature has specifically said in the Reform Act itself that all six regionally accredited associations have equal requirements and standing there of equal value. So there is no basis to discriminate between schools on the basis of what region they're accredited in, and that's the basis of the Commerce Clause distinction. The Commerce Clause jurisprudence is clear that you don't have to discriminate in favor of all California schools or against all out-of-state schools. You simply have to have a statute that on its face discriminates in favor of some California schools to the detriment or the burden of some out-of-state schools. The question of whether the Commerce Clause violation is facial or in effect is really a red herring. There's two kinds of Commerce Clause violation. There's dormant Commerce Clause violations. There's violations where the statute is discriminatory, and there's violations where the statute is nondiscriminatory but has an incidental effect on interstate commerce. If a statute is discriminatory, it may be discriminatory on its face, by its effect, or in its purpose. All three of those are discrimination which are subject to strict scrutiny and the highest almost per se invalid, as the cases say. It is only the statutes which are not discriminatory in which you look to see you balance under the Pike test whether the burden on interstate commerce is offset by the benefit to the state of the statute. So the Pike analysis and the burden analysis is simply not relevant to a discriminatory statute, whether it's on its face or in effect. So this statute, in my view, is discriminatory on its face and in its effect, but even if it was only in its effect, it would still be subject to almost per se invalidation. On the statutory construction or the class certification issue, as I've indicated, I don't think that if the Court rules on the abatement issue or the Commerce Clause issue that the Court would get to that. But Judge Morrow, although this statute is incredibly complicated   and certainly ranks up there with one of the worst written statutes that I've ever seen, she ultimately said that the statute requires, the statute provides for an equitable rescission remedy for a student who has not received the disclosure and that that equitable decision remedy requires a balancing as to whether the student wants such a remedy, whether they got any benefits, whether they were harmed, and all of those are individual issues. Now, counsel has said, well, she made some mistakes getting to that analysis. If that is the correct analysis under the law, which we submit that it is, then this Court views her decision on class certification for an abuse of discretion. It doesn't matter that there might have been individual decisions that she made along the way to arrive at that decision. If the basis upon which she denied class certification is correct, which we submit that it is, then the Court should affirm the class certification issue. And unless there are any other questions? Thank you. Thank you. All right. J. Glenn v. DeVry is submitted.
judges: Wardlaw, Rawlinson, Smith N. R.